PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner awarding temporary total disability benefits and permanent partial disability benefits. We affirm in part and reverse in part.
Frank Minor, a 67-year-old man who has worked as a race horse trainer all of his life, injured his neck and right shoulder on March 5,1979, when a horse he was holding suddenly reared. He was treated by a chiropractor for four months, then referred to Dr. Whittaker, an orthopedic surgeon, who diagnosed cervical spondylosis as well as rotator tendenitis of the right shoulder and released him to work, with physical restrictions, on August 3, 1979. Dr. Whittaker found claimant MMI on April 7, 1982, with a 15 percent permanent partial impairment of the body as a whole, consistent with the AMA Guides.
Claimant continued working for Raintree Farms for a month after the accident, at his average weekly wage of $325, until he was laid off for reasons unrelated to his accident. There followed approximately five and a half months of unemployment, during which he was paid both TTD benefits and unemployment compensation. Claimant was then employed full time as a supervisory trainer, at a rate higher than *468 his average weekly wage, for the next 21 months; he also received PPD benefits for three months and TTD benefits for seven months during this period. Claimant was again laid off for reasons unrelated to his accident and was unemployed for ten and a half months, during which time he received unemployment compensation and social security retirement benefits. The record demonstrates, and claimant has admitted, that for the more than three years between the date of his accident and the date of MMI, he was either working full time as a horse trainer or receiving unemployment compensation. Under the circumstances, claimant cannot be considered to have been temporarily totally disabled during this period. The deputy’s award of TTD benefits is reversed, without prejudice to the claimant’s right to seek any other benefits to which he may be entitled for this period.
The deputy’s finding of a 95 percent diminution of wage-earning capacity is supported by competent, substantial evidence in the record, in view of claimant’s age (67 years old), work history (horse trainer all his life), the nature of his injury (a serious back injury with poor prognosis), and the limitations placed on claimant by his physicians (he should no longer work in a job that requires him to handle horses or other animals, or that requires bending, lifting, or sudden movement). The deputy’s award of PPD benefits, based upon his finding of loss of wage-earning capacity, is affirmed.
This cause is remanded to the deputy for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., BOOTH and WIGGINTON, JJ., concur.